IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| KISON LAMONT COPPEDGE, | CASE NO. 25-60472-JRS |
| Debtor(s); | |
| _____ | _____ |
| CAPITAL ONE AUTO FINANCE,<br>A DIVISION OF CAPITAL ONE, N.A. | CONTESTED MATTER |
| Movant, | |
| Vs. | |
| KISON LAMONT COPPEDGE, Debtor(s);<br>TAMARA MILES OGIER, Trustee; | |
| Respondent(s). | |

### NOTICE OF HEARING

**Capital One Auto Finance, a division of Capital One, N.A.** has filed a **MOTION FOR RELIEF FROM AUTOMATIC STAY** on October 13, 2025. Pursuant to Fourth Amended and Restated General Order No. 24-2018 , the Court may consider this matter without further notice or hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk at** Clerk, U.S. Bankruptcy Court, Suite 1404, Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive SW Atlanta, GA 30303, , and serve a copy on the Movant's attorney, **Richard B. Maner; 180 Interstate N Pkwy Suite 200 Atlanta GA 30339**, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleading has been scheduled for **November 04, 2025**. The Court will hold a hearing on the **MOTION FOR RELIEF FROM AUTOMATIC STAY** at **9:00 A.M.** on **November 04, 2025**, in Courtroom **1404, Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive SW Atlanta, GA 30303**, .

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do**

1

not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: October 13, 2025

Signature: /s/ Richard B. Maner
Richard B. Maner, GA BAR No.- 486588
180 Interstate N Pkwy, Suite 200
Atlanta, GA, 30339
Phone: (404) 252-6385
Email: rmaner@rbmlegal.com
Attorney for Capital One Auto Finance, a division of Capital One, N.A.

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2025, I electronically filed the foregoing Motion for Relief from Stay and Notice of Hearing using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

  Karen King - notices@kingkingllc.com
  Tamara Miles Ogier - tmo@orratl.com
  Office Of The United States Trustee - ustpregion21.at.ecf@usdoj.gov

I further certify that on this day I caused a copy of this document to be served via UNITED STATES FIRST CLASS MAIL on the following parties at the address shown for each.

Dated: October 13, 2025

Kison Lamont Coppedge
36 Crestwood Rd
Cartersville, GA 30121


/s/ Richard B. Maner
_____
Richard B. Maner, GA BAR No.- 486588
180 Interstate N Pkwy, Suite 200
Atlanta, GA, 30339
Phone: (404) 252-6385
Email: rmaner@rbmlegal.com

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| KISON LAMONT COPPEDGE, | : | CASE NO. 25-60472-JRS |
| | : | |
| Debtor(s); | : | |
| ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ | : | ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ |
| CAPITAL ONE AUTO FINANCE, | : | CONTESTED MATTER |
| A DIVISION OF CAPITAL ONE, N.A. | : | |
| | : | |
| Movant, | : | |
| Vs. | : | |
| KISON LAMONT COPPEDGE, Debtor(s); | : | |
| TAMARA MILES OGIER, Trustee; | : | |
| Respondent(s). | : | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES Capital One Auto Finance, a division of Capital One, N.A. (the "Movant") and moves this Court for relief from the automatic stay and shows the Court as follows:

1.

On September 11, 2025, Kison Lamont Coppedge ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Chapter 7, and said case is pending before this Court.

1

2.

Movant has a claim in this case secured by a first priority lien against Debtor's vehicle: **2017 BMW 4 Series Sedan 4D 430i 2.0L I4 Turbo,** VIN: **WBA4F7C31HG787622** (the "Collateral"). Copies of the Retail Installment Sale Contract and Certificate of Title are attached hereto as Exhibits "A" and "B", respectively. The payoff amount is $20,523.58 which includes $20,131.08 of Principal, $226.72 of interest and $165.78 of other charges as of October 11, 2025.

3.

The estimated replacement value a retail merchant would charge for the Collateral is $14,925.00. A copy of the vehicle valuation is attached hereto as Exhibit "C."

4.

Debtor is under direct payment defaults to Movant pursuant to the Retail Installment Sale Contract.

5.

Debtor has failed to make payments for 3 month(s) at the contractual rate of   $552.65 per month for a total arrearage amount of $1,708.25. A copy of the payment history is attached as Exhibit "D".

6.

Debtor does not have equity in the Collateral and the Collateral is not necessary to a reorganization that is in prospect.

7.

Cause exists including the lack of adequate protection to grant Movant relief from the automatic stay so as to authorize Movant to recover and dispose of the Collateral. Movant requests the right to file an amended proof of claim after liquidation of the Collateral.

8.

Movant has no proof of full coverage insurance protecting its interest in the Collateral.

WHEREFORE, Movant prays that this Court:

(a)     Hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C.

§ 362(e);

    (b)    Grant Movant relief from the automatic stay under 11 U.S.C. § 362(d) so as to allow Movant to recover and dispose of the Collateral and to apply the net proceeds generated therefrom to its claim in this case;

    (c)    Rule 4001(a)(4) be waived; and

    (d)    Grant such other and further relief as the Court deems to be just and proper.

This October 13, 2025.

Respectfully Submitted:
The Law Office of
Kahane & Associates, P.A.
Attorneys for Movant

By: /s/ Richard B. Maner
Richard B. Maner
GA BAR No.- 486588

180 Interstate N Pkwy
Suite 200
Atlanta, GA 30339
(404) 252-6385 (Tel)
(404) 252-6394 (Fax)
rmaner@rbmlegal.com

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| KISON LAMONT COPPEDGE, | CASE NO. 25-60472-JRS |
| Debtor(s); | |
| CAPITAL ONE AUTO FINANCE,<br>A DIVISION OF CAPITAL ONE, N.A. | CONTESTED MATTER |
| Movant, | |
| Vs. | |
| KISON LAMONT COPPEDGE, Debtor(s);<br>TAMARA MILES OGIER, Trustee; | |
| Respondent(s). | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the MOTION FOR RELIEF FROM AUTOMATIC STAY and NOTICE OF HEARING on the following parties shall be served via 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Kison Lamont Coppedge
36 Crestwood Rd
Cartersville, GA 30121

1

Karen King
King & King Law LLC
215 Pryor Street,
S.W.
Atlanta, GA 30303

Tamara Miles Ogier
P. O. Box 1547
Decatur, GA 30031
tmo@orratl.com

Office Of The United States Trustee
362 Richard Russell Building,
75 Ted Turner Drive, SW
Atlanta,GA 30303
ustpregion21.at.ecf@usdoj.gov

This October 13, 2025.

    Respectfully Submitted:
    The Law Office of
    Kahane & Associates, P.A.
    Attorneys for Movant

    By: /s/ Richard B. Maner
    Richard B. Maner
    GA BAR No.- 486588

2

**LAW 553-GA-ARB-eps-14 4/20**

# RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| KISON LAMONT COPPEDGE<br>190 MARKET ST FL 3<br>NEWARK, NJ 07102-3708 | N/A | HONDA SOUTH<br>6871 MOUNT ZION BLVD<br>MORROW, GA 30260 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2017 | BMW<br>430i G | WBA4F7C31HG787622 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ _N/A_ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $2000.00 |
|---|---|---|---|---|
| 19.57 % | $ 16476.39 | $ 23314.41 | $ 39790.80 | $ 41790.80 |

(e) means an estimate

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 72 | $ 552.65 | MONTHLY | beginning 08/06/2023 |
| N/A | $ N/A | N/A | |
| N/A | | | |

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __50.00__ or __5__ % of the part of the payment that is late, whichever is less.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before __N/A__, Year __N/A__. SELLER'S INITIALS __N/A__

**Returned Check Charge:** You agree to pay a charge equal to the greater of $30 or 5% of the check amount if any check you give us is dishonored and we make written demand that you do so.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ __N/A__ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**NO COOLING OFF PERIOD**
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

If the goods or services are obtained primarily for business or agricultural use, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract, unless the law allows it.

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.
Buyer Signs X _[signature]_ _____ Co-Buyer Signs X __N/A__
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See the rest of this contract for other important agreements.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _[signature]_ _____ Co-Buyer Signs X __N/A__

Buyer Initials _[initials]_  Co-Buyer Initials X __N/A__

07/07/2023, 05:04 pm
LAW 553-GA-ARB-eps-14 4/20 v1   Page 1 of 4

Exhibit A

# ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including taxes of $_____) $ 19983.41 (1)
2. Total Downpayment =
   Trade-in  N/A
           (Year)   (Make)     (Model)
   Gross Trade-In Allowance             $ N/A
   Less Pay Off Made By Seller to N/A   $ N/A
   Equals Net Trade In                  $ N/A
   + Cash                               $ 2000.00
   + Other  N/A                         $ N/A
   + Other  N/A                         $ N/A
   + Other  N/A                         $ N/A
   (If total downpayment is negative, enter "0" and see 4I below)  $ 2000.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2)  $ 17983.41 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf
   (Seller may keep part of these amounts):
   A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
      Life           $ N/A
      Disability     $ N/A                            $ N/A
   B  Vendor's Single Interest Insurance Paid to Insurance Company  $ N/A
   C  Other Optional Insurance Paid to Insurance Company or Companies  $ N/A
   D  Optional Gap Contract                           $ 1200.00
   E  Official Fees Paid to Government Agencies
      to HONDA SOUTH      for Registration Fee        $ 298.00
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
   F  Government Taxes Not Included in Cash Price     $ N/A
   G  Government License and/or Registration Fees
      LIC/REG FEES
      N/A                                             $ 20.00
   H  Government Certificate of Title Fees            $ 18.00
   I  Other Charges (Seller must identify who is paid and describe purpose.)
      to N/A              for Prior Credit or Lease Balance  $ 0.00
      to HONDA SOUTH      for Doc Fee                 $ 998.00
      to FWS              for SERVICE CONTRACT        $ 2797.00
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
      to N/A              for N/A                     $ N/A
   Total Other Charges and Amounts Paid to Others on Your Behalf  $ 5331.00 (4)
5. Amount Financed (3 + 4)                            $ 23314.41 (5)

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term  72  Mos.        JMA GAP
                   Name of Gap Contract

I want to buy a gap contract.
Buyer Signs [signature]

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is authorized to sell such insurance in Georgia. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked on page 1 of this contract.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:
**Optional Credit Insurance**

☐ Credit Life:       ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability: ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:
Credit Life $         N/A
Credit Disability $   N/A

Insurance Company Name
N/A

Home Office Address
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐  N/A                                N/A
   Type of Insurance                  Term

Premium $  N/A
Insurance Company Name  N/A
Home Office Address  N/A
                     N/A

☐  N/A                                N/A
   Type of Insurance                  Term

Premium $  N/A
Insurance Company Name
                     N/A
Home Office Address
                     N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.
X  N/A                                N/A
   Buyer Signature                    Date

X  N/A                                N/A
   Co-Buyer Signature                 Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

---

Buyer Initials [signature]   Co-Buyer Initials X  N/A

07/07/2023, 05:04 pm
LAW 553-GA-ARB-eps-14 4/20 v1  Page 2 of 4

Exhibit A

## OTHER IMPORTANT AGREEMENTS

1. **FINANCE CHARGE AND PAYMENTS**
   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
   b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.
   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.
   c. **Security Interest.**
      You give us a security interest in:
      - The vehicle and all parts or goods put on it;
      - All money or goods received (proceeds) for the vehicle;
      - All insurance, maintenance, service, or other contracts we finance for you; and
      - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
      
      This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
   d. **Insurance you must have on the vehicle.**
      You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.
      If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.
   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
      - You do not pay any payment on time;
      - You give false, incomplete, or misleading information during credit application;
      - You start a proceeding in bankruptcy or one is started against you or your property; or
      - You break any agreements in this contract.
      
      The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay 15% of the amount you owe as attorney's fees, plus court costs. We will charge only attorney's fees and court costs the law permits.
   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.
   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.
   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
      We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.
   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **WARRANTIES SELLER DISCLAIMS**
   Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
   Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **SERVICING AND COLLECTION CONTACTS**
   You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **APPLICABLE LAW**
   Federal law and the law of the state of Georgia apply to this contract.

Buyer Initials [signature]   Co-Buyer Initials X __N/A__

07/07/2023, 05:04 pm
LAW 553-GA-ARB-eps-14 4/20 v1    Page 3 of 4

Exhibit A

## ARBITRATION PROVISION

**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website. Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

**NOTICE TO THE BUYER:** Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 07/07/2023   Co-Buyer Signs X N/A   Date N/A
Buyer Printed Name KISON LAMONT COPPEDGE   Co-Buyer Printed Name N/A
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A   Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A   Date N/A   Address N/A
Seller signs HONDA SOUTH   Date 07/07/2023   By X _____   Title FI MANAGER

Seller assigns its interest in this contract to CAPITAL ONE AUTO FINANCE   (Assignee) under the terms of Seller's agreement(s) with Assignee.
[ ] Assigned with recourse   [X] Assigned without recourse   [ ] Assigned with limited recourse
Seller By X HONDA SOUTH   Title FINANCE MANAGER

---

LAW FORM NO. 553-GA-ARB-eps-14 (REV. 4/20)
©2020 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

07/07/2023, 05:04 pm
LAW 553-GA-ARB-eps-14 4/20 v1  Page 4 of 4

Exhibit A



Collateral Management Solutions
9750 Goethe Road | Sacramento, CA 95827

# Capital One Auto Finance

## Lien and Title Information

### Account Information

| | | | |
|---|---|---|---|
| **Account Number** | | **Financed Date** | 7/14/2023 |
| **Loan Number** | | **Perfected Date** | 9/6/2023 |
| **Branch** | | **Payoff Date** | |
| **Borrower 1** | COPPEDGE, KISON L | **Dealer ID** | |
| **Borrower 2** | | **Dealer** | HONDA SOUTH |
| **Borrower Address** | 36 Crestwood Rd<br>Cartersville, GA 301212940 | **Dealer Address** | 6871 MT ZION BLVD<br>MORROW, GA 30260 |

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | |
| **Lienholder** | CAPITAL ONE AUTO FINANCE |
| **Lienholder Address** | |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | WBA4F7C31HG787622 | **Issuance Date** | 9/6/2023 |
| **Title Number** | 770167253615965 | **Received Date** | 9/6/2023 |
| **Title State** | GA | **ELT/Paper** | ELECTRONIC |
| **Year** | 2017 | **Odometer Reading** | |
| **Make** | BMW | **Branding** | |
| **Model** | | | |
| **Owner 1** | KISON LAMONT COPPEDGE | | |
| **Owner 2** | | | |
| **Owner Address** | 36 CRESTWOOD RD<br>CARTERSVILLE, GA 301212940 | | |

**Printed:** Monday, October 13, 2025 1:49:33 AM PST

Exhibit B   1/1

# JD Power Official Used Car Guide
# Vehicle Valuation

Print Date: October 13, 2025

---

Vehicle Description:  2017 BMW 4 Series Sedan 4D 430i 2.0L I4 Turbo
VIN:  WBA4F7C31HG787622

**Base Values**

Retail: $ 14925.00          Wholesale/Trade-in: $ 10975.00

**Optional Equipment/Adjustments**

Estimated Miles: 102500          $ 0.00

**Total Adjusted JD Power Used Car Guide Values**

Retail: $ 14925.00          Retail/Wholesale Average: $ 12950.00

Reference 10/2025 Southeastern

Exhibit C



Account number

## Transactions as of October 12, 2025

| EFFECTIVE | CATEGORY | AMOUNT |
|---|---|---|
| Sep 30, 2025 | Payment posted: standard allocation | -$500.00 |
| Aug 21, 2025 | Payment returned: standard allocation | $552.65 |
| Aug 21, 2025 | Payment posted: standard allocation | -$552.65 |
| Aug 19, 2025 | Payment posted: standard allocation | -$555.00 |
| Jul 22, 2025 | Payment posted: standard allocation | -$552.65 |
| Jul 01, 2025 | Payment posted: standard allocation | -$552.65 |
| Jun 25, 2025 | Payment returned: standard allocation | $552.65 |
| Jun 25, 2025 | Payment posted: standard allocation | -$552.65 |
| Jun 16, 2025 | Late fee assessed | $27.63 |
| May 16, 2025 | Late fee assessed | $27.63 |
| Apr 05, 2025 | Payment returned: standard allocation | $552.65 |
| Apr 05, 2025 | Payment posted: standard allocation | -$552.65 |
| Mar 25, 2025 | Payment posted: standard allocation | -$552.65 |
| Feb 04, 2025 | Payment posted: standard allocation | -$552.65 |
| Dec 24, 2024 | Payment posted: standard allocation | -$552.65 |
| Nov 26, 2024 | Payment posted: standard allocation | -$552.65 |
| Oct 18, 2024 | Payment posted: standard allocation | -$552.65 |
| Oct 16, 2024 | Late fee assessed | $27.63 |
| Aug 27, 2024 | Payment posted: standard allocation | -$552.65 |

Exhibit D  1/2

10/13/25, 1:45 AM    Capital One

10/13/25, 1:45 AM

Capital One

| EFFECTIVE | CATEGORY | AMOUNT |
|---|---|---|
| Aug 16, 2024 | Late fee assessed | $27.63 |
| Jul 16, 2024 | Payment posted: standard allocation | -$505.30 |
| Jun 21, 2024 | Payment posted: standard allocation | -$600.00 |
| Jun 16, 2024 | Late fee assessed | $27.63 |
| May 14, 2024 | Payment posted: standard allocation | -$505.30 |
| Apr 29, 2024 | Payment posted: standard allocation | -$600.00 |
| Apr 01, 2024 | Payment posted: standard allocation | -$552.65 |
| Mar 16, 2024 | Late fee assessed | $27.63 |
| Feb 09, 2024 | Payment posted: standard allocation | -$457.95 |
| Jan 22, 2024 | Payment returned: direct allocation | $42.05 |
| Jan 22, 2024 | Payment returned: standard allocation | $457.95 |
| Jan 22, 2024 | Payment posted: direct allocation | -$42.05 |
| Jan 22, 2024 | Payment posted: standard allocation | -$457.95 |
| Jan 09, 2024 | Payment posted: standard allocation | -$600.00 |
| Dec 05, 2023 | Payment posted: standard allocation | -$600.00 |
| Nov 07, 2023 | Payment posted: standard allocation | -$552.65 |
| Sep 12, 2023 | Payment posted: direct allocation | -$50.00 |
| Sep 12, 2023 | Payment posted: standard allocation | -$552.65 |
| Aug 04, 2023 | Payment posted: direct allocation | -$247.35 |
| Aug 04, 2023 | Payment posted: standard allocation | -$552.65 |
| Jul 18, 2023 | Payment posted: standard allocation | -$552.65 |

Exhibit D 2/2