**IT IS ORDERED as set forth below:**



**Date: October 29, 2025**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| Kison Lamont Coppedge, ) | |
| Debtor(s). ) | |
| ) | |
| ) | CASE NO. 25-60472-jrs |
| HomeRiver Group a/a/f Marcus Rosendoll ) | CHAPTER 7 |
| Movant. ) | Judge James R. Sacca |
| V. ) | CONTESTED MATTER |
| Kison Lamont Coppedge, Debtor(s), ) | |
| Tamara Miles Ogier, Trustee ) | |
| Respondents. ) | |

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

On October 7, 2025, HomeRiver Group a/a/f Marcus Rosendoll (hereinafter, "Movant")

1

filed a Motion For Relief From Automatic Stay (Doc. No. 13) (the "Motion"). The Motion concerns rented real property known as 123 Luckie St NW Apt 2308, Atlanta GA 30303 (the "Property"). Within the Motion, proper notice – as asserted by Movant - of the opportunity to object and for hearing was provided pursuant to the procedures in Fifth Amended and Restated General Order No. 24-2018 and no objection to the motion was filed prior to the objection deadline.

The Court, having considered the Motion and all other matters of record, including the lack of objection thereto, and based on the foregoing, no further notice or hearing is required, and the Court finds that good cause exists to grant the relief requested in the Motion. The Court hereby **GRANTS** Movant relief from the automatic stay for all purposes allowed by law including, but not limited to, the right for Movant to proceed with a Dispossessory Action and judgment to obtain possession of the Property. Accordingly, it is hereby

**ORDERED** that Movant may obtain a postpetition judgment within the course of a dispossessory action to recover possession of the Property. Movant may seek rent for the occupancy of the Property by the Debtor after the filing of this case under applicable Georgia law and to seek and obtain a money judgment against the Debtor for such unpaid rent, provided, however, that Movant is not permitted to pursue any collection activities on said postpetition judgment as to property of the estate or any property that the Debtor has exempted under 11 U.S.C. sec. 522(b).

**ORDERED** that the automatic stay of 11 U.S.C. s 362(s) shall remain in effect to prohibit Movant from seeking or obtaining or enforcing a personal judgment against the Debtor for any money due under the Lease or based on any obligation of Debtor under the Lease.

**ORDERED** that Movant may obtain a post-petition judgment within the course of a dispossessory action to recover possession of the Property, but Movant is not permitted to pursue any collection activities on said post-petition judgment as to property of the estate during the pendency of the instant Bankruptcy.

**ORDERED** that, pursuant to Movant's Motion, the 14 day stay prescribed by Bankruptcy Rule 4001(a)(3) is waived to allow Movant to proceed immediately with a dispossessory action.

[END OF DOCUMENT]

**Order presented by:**

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136,
Atlanta, GA 30338
Tel: (404) 692-4342
Email: mft@tottenfirm.com

**Distribution List:**

Matthew Totten, Esq.
THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136,
Atlanta, GA 30338

Karen King
King & King Law, LLC
215 Pryor Street SW
Atlanta, GA 30303
Attorney for Debtor

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Tamara Miles Ogier
Ogier, Rosenfeld & Steil, P.C.
PO Box 1547
Decatur, GA 30031
Chapter 7 Trustee

Kison Lamont Coppedge, Debtor
123 Luckie St SW Apt 2308
Atlanta, GA 30303

Kison Lamont Coppedge, Debtor
36 Crestwood Rd
Cartersville, GA 30031

4